IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

```
ADOLFUS GILES,                      *
      Plaintiff,                    *
vs.                                 *     CASE NO. 3:09-CV-18 (CDL)
WAL-MART STORES EAST, L.P.,         *
      Defendant.                    *
_____ *
```

O R D E R

Plaintiff Adolfus Giles brings this action against his employer, Defendant Wal-Mart Stores East, L.P., asserting various claims related to his employment. Presently pending before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 5). For the following reason, Defendant's motion is granted.

DISCUSSION

Federal Rule of Civil Procedure 8 sets forth the requirements for pleading in federal court. A pleading that states a claim for relief, such as Plaintiff's Complaint in this case, must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Allegations in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a defendant

1

contends that a plaintiff's complaint "is so vague or ambiguous that the [defendant] cannot reasonably prepare a response[,]" the defendant may ask the court to require the plaintiff to make a more definite statement of the plaintiff's claims for relief. Fed. R. Civ. P. 12(e).

In this case, Defendant contends that it cannot adequately respond to Plaintiff's claims because the Complaint lacks "information regarding the dates of the alleged harassment, retaliation, or discrimination, the alleged harasser(s) or bad actors, or any factual information supporting these allegations." (Def.'s Mot. to Dismiss, or in the Alternative, Mot. for a More Definite Statement 4.)  Defendant also asserts that it "cannot differentiate between which alleged facts support which of [Plaintiff's] many claims."  (*Id.*)  Accordingly, Defendant seeks dismissal of Plaintiff's Complaint, or in the alternative, an order requiring Plaintiff to make a more definite statement of his claims.

As it currently stands, Plaintiff's Complaint "presents scores of allegations regardless of their relevance" and loosely associates these allegations with "haphazardly described . . . 'rights.'" *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir. 1998).  This type of pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief[.]" *Washington v. Dep't of Children & Families*, 256 F. App'x 326, 328 (11th Cir. 2007) (per curiam) (internal quotation

2

marks omitted).  When a plaintiff's complaint does not provide a defendant with adequate notice of the plaintiff's claims against it, the complaint is considered insufficient under the Federal Rules of Civil Procedure.  *See id.*  An insufficient complaint is subject to dismissal.  *See id.*

The Court recognizes that Plaintiff is proceeding in this case *pro se*.  "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."  *GJR Inv.*, 132 F.3d at 1369; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, this leniency is not without limits.  The Court is not required "to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]"  *GJR Inv.*, 132 F.3d at 1369 (internal citations omitted).  Moreover, Defendant should not have "to sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted."  *Washington*, 256 F. App'x at 328 (alteration in original) (internal quotation marks omitted).  The burden is squarely on Plaintiff to comply with the Court's procedural rules in the same manner as any other litigant.  *See, e.g., id.* at 327.

In addition to failing to provide "a short and plain statement" of his claims in accordance with Rule 8(a), Plaintiff's Complaint also violates other Federal Rules of Civil Procedure.  For example, Plaintiff fails to "state its claims . . . in numbered paragraphs,

each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); Plaintiff also fails to set forth each allegation simply, concisely, and directly. Fed. R. Civ. P. 8(d). As it now exists, Plaintiff's Complaint is deficient under the Federal Rules of Civil Procedure. *See, e.g., Washington*, 256 F. App'x at 328. In light of Plaintiff's *pro se* status, however, the Court will not dismiss Plaintiff's Complaint. *See id.* (holding that the district court erred by dismissing *pro se* plaintiff's complaint with prejudice before allowing plaintiff an opportunity to provide more definite statement or otherwise comply with Rule 8). Instead, the Court orders Plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In doing so, Plaintiff should set out each of his claims for relief separately, specify which factual allegations support each claim, and otherwise comply with the Federal Rules of Civil Procedure. If Plaintiff fails to make a more definite statement within ten (10) days of the date of this Order, the Court will dismiss Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(e).

## CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 5) is granted to the extent Defendant seeks an order requiring Plaintiff to make a more definite statement.

4

IT IS SO ORDERED, this 31st day of March, 2009.

                                        S/Clay D. Land
                                         CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE